IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN TOMAS, ) | |
|         Plaintiff, ) | |
| ) | Case No. 08 CV 610 |
| -vs- ) | |
| ) | Judge Bucklo |
| AMERICAN FEDERATION OF STATE, ) | Magistrate Judge Denlow |
| COUNTY AND MUNICIPAL EMPLOYEES ) | |
| (AFSCME) LOCAL 1006; PATRICIA OUSLEY; ) | |
| RUDELEY HERRON; AND MARK FISHER, ) | |
| ) | |
|         Defendants. ) | |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

**Statement of Facts**

Plaintiff Susan Tomas filed her suit *pro se* on January 28, 2008 under Title VII of the Civil Right Act of 1964; 42 U.S.C. Section 1981; and 42 U.S.C. Section 1983. (Cmplt. ¶¶9, 10) Named as Defendants are the American Federation of State, County and Municipal Employees (AFSCME), Local 1006, a labor union; Patricia Ousley, the union President; Rudeley Herron, the union Chief Steward; and Mark Fisher, the union Vice President. Plaintiff alleges that Defendants discriminated against her on the basis of national origin, race and retaliation. (Cmplt. ¶9) Plaintiff alleges that she is employed by the Illinois Department of Employment Security. (Cmplt. ¶4) Plaintiff alleges that Defendants "failed to represent in grievance procedures, demotion [and] did not notify about result of demotion at 3rd level"; did not assist her in seeing her personnel file; that Defendants retaliated against her by believing her manager and not believing her; that Defendants "did not represent me in anything lied [and] covered up with my manager discrimination of disable person, taking bribary by my supervisor [and] my co-worker who was selling stolen gift cards on property state during

working hours." (Cmplt. ¶¶ 12, 13) She alleges that AFSCME failed to respond to her because she is a foreigner. (Cmplt.¶13)

Plaintiff filed her EEOC charge against AFSCME on December 4, 2006. Named as respondent in the EEOC charge is AFSCME. Defendants Ousley, Herron and Fisher are not named in the EEOC charge. The charge alleges discrimination on the basis of her national origin, Polish, and retaliation since May 4, 2005. Plaintiff alleges in the charge that AFSCME failed to file grievances or to adequately represent her in connection with workplace issues. She alleges that she filed charges against her employer alleging race and national origin discrimination and retaliation and that AFSCME failed to investigate her complaints related to the two charges against her employer. The EEOC issued a Notice of Right to Sue on November 2, 2007. Named as respondent in the right to sue letter is AFSCME Local 1006. (Cmplt., attachments)

**ARGUMENT**

**I.   The Title VII claims should be dismissed as to Defendants Ousley, Fisher and Herron because there is no individual liability under Title VII.**

Plaintiff has sued Patricia Ousley, President of AFSCME Local 1006, Rudeley Herron, Chief Steward of AFSCME Local 1006, and Mark Fisher, Vice President of AFSCME Local 1006 individually. Employers and labor organizations, defined as including agents of an employer or labor organization, may be sued under Title VII. 42 U.S.C. §2000e (b) and (d). There is, however, no individual liability for such agents under Title VII. Williams v. Banning, 72 F. 3d 552 (7th Cir. 1995); EEOC v. AIC Security Investigations, Ltd., 55 F. 3d 1276, 1279-82 (7th Cir. 1995). Moreover, ordinarily, a party not named in an EEOC charge may not be sued under Title VII. 42

U.S.C. §2000e-(5)(e); <u>Schnellbaecher v. Baskin Clothing Co.</u>, 887 F. 2d 124, 126 (7th Cir. 1989).

Here, Defendants Ousley, Herron and Fisher were not named in the EEOC charge.

Since a labor organization but not its officers may be sued under Title VII, the Title VII claim should be dismissed as to Defendants Ousley, Herron and Fisher.

## II.     Plaintiff's Title VII race discrimination claim should be dismissed as outside the scope of her EEOC charge.

Where the EEOC charge alleges one form of discrimination, other forms of alleged discrimination not within its coverage may not be raised in a subsequent judicial action. <u>Kirk v. Federal Property Mgmt. Corp.</u>, 22 F.3d 135, 139 (7th Cir. 1994). Allegations not contained in the charge cannot be contained in the subsequent complaint as this would circumvent the governmental agency's investigatory and conciliatory role and deprive the charged party of notice of the claim against it. <u>Catlett v. United States Postal Service</u>, 795 F.Supp. 878, 880 (C.D. Ill. 1992). Here, Plaintiff's EEOC charge alleges national origin discrimination and retaliation. Her Title VII race discrimination claim should therefore be dismissed as outside the scope of her EEOC charge.

## III.    Plaintiff's Title VII claims preceding February 7, 2006 should be dismissed for lack of subject matter jurisdiction.

Plaintiff alleges in the Complaint that Defendants have discriminated against her since 2001. The EEOC charge, filed December 4, 2006, alleges that the discrimination began in May 2005. Plaintiff's claims of discrimination preceding May 2005 should therefore be dismissed as outside the scope of her EEOC charge.

A Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file her charge within 300 days after the alleged discriminatory acts occurred. 42 U.S.C. § 2000e-5(e)(1). <u>National R.R. Passenger Corp. v. Morgan</u>, 536 U.S. 101, 122, 122 S.Ct. 2061, 2077 (2002).

Plaintiff's Title VII claims preceding 300 days prior to the filing of her EEOC charge, or February 7, 2006, should therefore be dismissed for lack of subject matter jurisdiction.

IV. **Plaintiff's Section 1981 and Section 1983 claims preceding January 28, 2006 should be dismissed for lack of subject matter jurisdiction.**

The statute of limitations applicable to civil rights claims under Section 1981 and Section 1983 is two years. Ashafa v. City of Chicago, 146 F. 3d 459, 461 (7th Cir. 1998); Malhotra v. Cotter & Co., 885 F. 2d 1305, 1308 (7th Cir. 1989). Plaintiff's Section 1981 and Section 1983 claims preceding two years prior to the filing of the Complaint, or prior to January 28, 2006, should therefore be dismissed.

V. **Plaintiff's claims against the individual Defendants should be dismissed as individual union officials are immune from damage claims brought for acts taken on behalf of the union.**

Individual damage claims may not be maintained against union officials for acts that are undertaken on behalf of the union. Atkinson v. Sinclair Refining Co., 370 U.S. 238, 247-49 (1962). Individual union members are immune from suits for damages even if their conduct was unauthorized by the union and was in violation of an existing collective bargaining agreement. Complete Auto Transit, Inc. v. Reis, 451 U.S. 401, 417 (1981). See Boroweic v. Local No. 1570, 889 F. 2d 23, 28 (1st Cir. 1989); Evangelista v. Inlandboatmen's Union of Pacific, 777 F. 2d 1390, 1400 (9th Cir. 1985); Peterson v. Kennedy, 771 F. 2d 1244, 1256 (9th Cir. 1985), *cert. denied*, 475 U.S. 1122 (1986). The Atkinson rule applies not only in the private sector but also to suits brought by government employees. Montplaisir v. Leighton, 875 F.2d 1, 5 (1st Cir. 1989). Here, Plaintiff's claims against the individual union Defendants are all based on actions they are alleged to have taken in connection with their roles as union representatives in the collective bargaining context.

Accordingly, all of Plaintiff's claims should be dismissed as to Defendants Ousley, Herron and Fisher as they are immune from suit for damages in connection with such actions.

**VI.    Plaintiff's Title VII and Section 1981 claims should be dismissed for failure to state a claim upon which relief can be granted.**

In order to establish a Title VII or Section 1981 claim of discrimination against a union, a plaintiff must establish all of the following: (1) plaintiff's employer violated the collective bargaining agreement with respect to her; (2) the union let such breach of contract go unrepaired, thereby breaching its own duty of fair representation; and (3) that some evidence indicates discriminatory animus motivated the union.  Greenslade v. Chicago Sun-Times, Inc., 112 F. 3d 853,866 (7th Cir. 1997); Hamilton v. Evans, 2004 WL 1368786 at *4 (N.D. Ill. 2004).

With respect to the second element, because this action involves one by an Illinois State employee, the applicable duty of fair representation standard is that set forth in Illinois public sector labor law.  Porter v. Rohan, 2003 WL 548396 at *12  (N.D. Ill. 2003); Rodriguez v. Ramsey, 2007 WL 141910 (N.D Ill. 2007) at *2, fn. 2.  Public employees of a state are not governed by federal duty of fair representation law.  NAACP, Detroit Branch v. Detroit Police Officers Association (DPOA), 821 F.2d 328, 331-332 (6th Cir. 1987); Jackson v. Temple University of the Commonwealth System of Higher Education, 721 F.2d 931, 933 (3rd Cir. 1983); Bailey v. Johnson, No. 90 C 01795, 1990 Westlaw 77508 (N.D. Ill. 1990).   The Illinois Public Labor Relations Act, 5 ILCS 315/1, regulates collective bargaining matters between public employers and public employees in Illinois.  Section 3(o) of that Act defines a "public employer" as including "the State of Illinois."  5 ILCS 315/3(o).

The standard governing fair representation claims by public employees in Illinois is set forth in Section 10(b)(1) of the Illinois Public Labor Relations Act, 5 ILCS 315/10(b)(1), which provides

that: "A labor organization or its agents shall commit an unfair labor practice ... in duty of fair representation cases only by intentional misconduct in representing employees under this Act." While, under federal labor law, the intentional misconduct standard is no longer good law, as it was rejected by the United States Supreme Court in Airline Pilots Association, International v. O'Neill, 499 U.S. 65 (1991), such standard, having been enacted as a matter of statutory law by the Illinois General Assembly, remains the standard for public sector labor law in Illinois. Murry v. AFSCME Local 1111, 305 Ill.App.3d 627,631-3; 712 N.E.2d 874, 878 (1st Dist. 1999).

In Murry, the Illinois Appellate Court affirmed a decision of the Illinois State Labor Relations Board which, relying on Hoffman v. Lonza, Inc., 658 F.2d 519 (7th Cir. 1981), found that, in order to show a breach of the duty of fair representation under the Illinois Public Labor Relations Act, an employee must establish that a union's actions were "intentional, invidious, and directed against an employee ..." Murry, 305 Ill.App.3d at 630, *quoting* Hoffman v. Lonza, Inc., 658 F.2d at 520. The Illinois Labor Relations Board, State Panel has set forth the following standard for public employee duty of fair representation cases in Illinois:

> [I]n duty of fair representation cases, the charging party must first establish a prima facie case by demonstrating, by a preponderance of the evidence: (1) That the employee has engaged in activities tending to engender the animosity of union agents, or that the employee's mere status, such as race, gender, religion or national origin, may have caused animosity; (2) that the union was aware of the employee's activities and/or status; (3) that there was an adverse representation action by the union; and (4) that the union took the adverse action against the employee for discriminatory reasons, i.e., because of animus toward the employee's activities or status.

Linda Robertson and American Federation of State, County and Municipal Employees, Council 31 and Chief Judge of the 10th Judicial Circuit, 18 Public Employee Reporter (Illinois) ¶2014 at X-102

(Illinois Labor Relations Board, State Panel, 2002); Metropolitan Alliance of Police v. State Labor Relations Board, 345 Ill. App. 3d 579, 803 N.E. 2d 119 (1st Dist. 2003).

Plaintiff has failed to state a claim for race or national origin discrimination or retaliation. Plaintiff has not alleged that her employer, the Illinois Department of Employment Security, violated a collective bargaining agreement between the Department and the Union. She has not alleged that the Union let a breach of contract go unrepaired. Plaintiff's allegations that the Union failed to represent her in grievances and in connection with a demotion, failed to help her secure a copy of her personnel file, and believed her manager rather than her are insufficient to allege that the Union failed to represent her in connection with a specific contract violation committed by her employer. Moreover, Plaintiff's conclusory allegations are insufficient to allege that she was discriminated against on the basis of her Polish national origin or her race. While she also alleges that the Union retaliated against her, there are no allegations in the Complaint supporting any claim of retaliation. Plaintiff's Title VII and Section 1981 claims should therefore be dismissed for failure to state a claim upon which relief can be granted.

**VII.    Plaintiff's claims under Section 1983 should be dismissed for failure to state a claim upon which relief can be granted.**

As private entities, the Defendants can be held liable under Section 1983 only if they were "willful participant[s] in joint action with the State or its agents." Dennis v. Sparks, 449 U.S. 24, 27 (1980). In order to state a claim against private entities under Section 1983, a plaintiff must allege facts which show that the private entity was acting under color of state law. Messman v. Helmke, 133 F. 3d 1042, 1044 (7th Cir. 1997) "Moreover, a bare allegation of a conspiracy between private and state entities is insufficient to bring the private entity within the scope of §1983." Messman, 133 F.

3d at 1045, citing Leahy v. Board of Trustees of Community College Dist. No. 508, 912 F. 2d 917, 922 (7th Cir. 1990). Plaintiff must allege the existence of an agreement between the private entities and the public defendants to commit an illegal act and a deprivation of constitutional rights. Priester v. Lowndes County, 354 F. 3d 414, 420 (5th Cir. 2004) "Allegations that are merely conclusory, without reference to specific facts, will not suffice." Id. Rather, " 'To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act.' ... A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a §1983 claim against the private entity." Ciambriello v. County of Nassau, 292 F. 3d 307, 324 (2nd Cir. 2002), quoting Spear v. Town of West Hartford, 954 F.2d 63,68 (2d Cir. 1992). Here, Plaintiff alleges that the Union covered up discrimination by her manager and believed her manager rather than her. Such allegations are insufficient to state a claim against the Defendants under Section 1983.

**CONCLUSION**

For the foregoing reasons, the Complaint should be dismissed in its entirety.

        Respectfully submitted,

        CORNFIELD AND FELDMAN

        BY: s/ Melissa J. Auerbach
            MELISSA J. AUERBACH
        Melissa J. Auerbach Attorney Bar Number 3126792
        Attorneys for Defendants
        CORNFIELD AND FELDMAN
        25 East Washington St.
        Suite 1400
        Chicago, IL 60602-1803
        Telephone: (312) 236-7800
        Fax: (312) 236-6686
        E-mail: mauerbach@cornfieldandfeldman.com

April 3, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2008 caused the foregoing **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** to be electronically filed with the Clerk of the Court using the CM/ECF system and I caused a true and accurate copy of same to be served on the following, via First Class Mail:

Ms. Susan Tomas
8901 Western, #406
Des Plaines, IL 60016

BY: s/ Melissa J. Auerbach
　　　MELISSA J. AUERBACH

Melissa J. Auerbach Attorney Bar Number 3126792
Attorneys for Defendants
CORNFIELD AND FELDMAN
25 East Washington St.
Suite 1400
Chicago, IL 60602-1803
Telephone: (312) 236-7800
Fax: (312) 236-6686
E-mail: mauerbach@cornfieldandfeldman.com