UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN M. TOMAS,<br><br>    Plaintiff,<br><br>    v.<br><br>THE STATE OF ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY; JAMES JOHNSON; DIANN WARE; LIOUBOV VOITYNA aka "LUBA"; AMERICAN FEDERATION OF STATE, COUNTY and MUNICIPAL EMPLOYEES (AFSCME) LOCAL 1006; PATRICIA OUSLEY; RUDELEY HERRON; and MARK FISHER,<br><br>    Defendants. | Nos. 07 C 4542, 07 C 6274, 08 C 610<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Pro se Plaintiff Susan M. Tomas, a former employee of the Illinois Department of Employment Security ("IDES"), has brought this discrimination and retaliation suit against her former employer and three of her former supervisors (collectively "IDES Defendants") alleging that they denied her proper training and demoted her on the basis of her race (Caucasian) and national origin (Polish). Plaintiff has also sued her union, the American Federation of State, County and Municipal Employees, ("AFSCME"), and three of its individual officials (collectively "AFSCME Defendants"), asserting discrimination and retaliation for allegedly failing to represent her in the underlying grievance against her employer. Defendants now move to dismiss Plaintiff's Corrected Fourth Amended Complaint.

Plaintiff filed her original complaint against IDES in August 2007 and an amended complaint in October of that same year. Then, in November, Plaintiff moved to consolidate

another case pending in this district that she filed against the same Defendant, IDES, and in which she had additionally named four individual Defendants.[1] The motion to consolidate was granted. In December 2007, Plaintiff filed her first consolidated complaint, which incorporated all claims made against the IDES Defendants. In April 2008, the AFSCME Defendants moved to reassign a related case that Plaintiff had filed against them, which I granted.

On November 13, 2008, I issued a memorandum opinion and order dismissing several of Plaintiff's claims and limiting others. With regard to the claims against the IDES Defendants, I limited Plaintiff's intentional infliction of emotional distress claim to certain interactions and events with her supervisors. With regard to the claims against the AFSCME Defendants, I dismissed (1) the individual AFSCME officials from the Title VII claims, (2) Plaintiff's race discrimination claim as outside the scope of her EEOC charge, (3) Plaintiff's Title VII claims for acts occurring prior to February 7, 2006 as being beyond the 300-day scope permitted by Plaintiff's charge of discrimination, (4) Plaintiff's § 1981 claims for acts occurring prior to January 28, 2004 as falling outside the statute of limitations, and (5) Plaintiff's § 1983 claims for acts occurring prior to January 28, 2006 as similarly outside the statute of limitations. I further granted Plaintiff leave to filed an amended complaint.

On December 18, 2008, Plaintiff filed a Third Amended Complaint against all Defendants, which contained 16 counts on 42 pages in 252 numbered paragraphs. Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of

---

[1] Those individuals were Plaintiff's supervisors at the same IDES retail location. The first suit was based on a charge of discrimination filed with the EEOC on January 5, 2005, alleging race discrimination. The second suit was based on a charge of discrimination filed with the EEOC on June 27, 2005, alleging workplace retaliation for the first charge and also national origin discrimination.

2

the claim showing that the pleader is entitled to relief." Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." The allegations contained in the Third Amended Complaint were so confusing that it was impossible to ascertain which allegations pertained to which Defendants. For example, on page three, paragraphs 88 and 89 follow paragraph 11. On page thirteen, paragraph 104 follows paragraph 87 and is then followed by a second paragraph 89. On the same page paragraph 137 follows paragraph 92. Paragraph 212 contains nine sub-paragraphs lettered a through i. And so on. Defendants were introduced as the "Individual IDES Defendants" and the "Individual AFSCME Defendants," but paragraph one confusingly referred to "Defendant IDES and the Individual Defendants" and then recited causes of action which were not mentioned with respect to the AFSCME Defendants in Plaintiff's original complaint. In addition, the Third Amended Complaint included two new claims against the AFSCME Defendants for breach of the duty of fair representation and breach of fiduciary duty.

The AFSCME and IDES Defendants moved to dismiss Plaintiff's Third Amended Complaint for lack of subject matter jurisdiction, failure to state a claim, and failure to comply with Rule 8(a)(2) and (d)(1). Plaintiff responded briefly to the motion, in part apologizing for the disorganization, and, without leave, simultaneously filed a Fourth Amended Complaint consisting of 70 pages and 299 numbered paragraphs. At a subsequent status hearing, I granted Plaintiff leave to file a corrected fourth amended complaint, so as to give Plaintiff a final chance to correct the shortcomings as identified in Defendants' motions. On May 7, 2009, Plaintiff filed her Corrected Fourth Amended Complaint, which is 65 pages long and includes 285 numbered paragraphs.

Plaintiff has made some improvements in the latest edition of her complaint, but even so, her pleading falls far short of complying with either the letter or the spirit of Rule 8.

I have the authority to dismiss a complaint because it is confusing, though "only in a rare case would [I] be justified in dismissing it on this ground with prejudice." *Fidelity Nat. Title Ins. Co. of New York v. Intercounty Nat. Title Ins. Co.*, 412 F. 3d 745, 749 (7th Cir. 2005). This appears to be that rare case. "[A] confusing pleading is not ordinarily a fatal defect. But it can become one if despite repeated attempts the plaintiff is unable to draft an intelligible complaint." *Id.* (citing *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 376, 378-79 (7th Cir.2003); *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437 (8th Cir.1983) (per curiam)); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006) (district court has the authority to dismiss a complaint with prejudice on the basis that it is confusing only after the plaintiff has demonstrated her inability to file a lucid complaint). Rule 8's provisions are rooted in fair notice; "[a] complaint that is prolix and/or confusing makes it difficult for the defendant to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994) (citing 2A Moore's Federal Practice § 8.13, at 8-58). Since all of the relevant cases here were consolidated, Plaintiff has had three additional opportunities to conform her complaint to the requirements of Rule 8 and to my November 2008 ruling. She has failed to do so.

The Corrected Fourth Amended Complaint, like the Fourth and Third Amended Complaints, is overly verbose, repetitive, and confusing throughout. For instance, paragraph 75 states in full:

> When Plaintiff officially was demoted Ousley sent Mark Fisher who was vice president. Plaintiff gave him information and told him of also said that if Plaintiff filed with EEOC she can't intervened. Mark Fisher changes the facts about the length of the training to adjust to decision. This was about harassment after three weeks when Plaintiff was demoted she called Ousley to process grievance. He sent e mail that next appeal and he kept silent like Mrs. Ousley, because they know Plaintiff would appeal. Plaintiff first time had to with the union and was convinced. Ousley when she sent e -mail that"

Throughout the document, Plaintiff has included multiple statements in single paragraphs. This alone makes the complaint virtually unanswerable. I also see very little attempt by Plaintiff to limit her allegations to the specific dates I identified in my November 2008 order, particularly because many of the allegations are alleged without a reference to time and/or place of occurrence. In addition, the allegations continue to make it impossible to determine what allegations pertain to which Defendants. Plaintiff repeatedly "incorporates and re-alleges" all prior paragraphs in each count, apparently making allegations directed against the IDES Defendants also applicable to the AFSCME Defendants. To her credit, Plaintiff has made clear which counts apply to which Defendants (with the exception of Count Nine which does not clearly identify the individual AFSCME Defendants though seems to imply individual liability) by including a heading under each numbered count that lists at whom that count is directed. However, the clarification of which counts apply to which Defendants does nothing to clarify which allegations apply to which counts. The allegations are lumped together on the first 51 pages and the specific counts enumerated on the following 13 pages.

Defendants have already spent a large amount of time and money defending against Plaintiff's poorly drafted pleadings. I must consider the "right of these [D]efendants to be free

from this costly and harassing litigation and the right of litigants awaiting their turn to have other matters resolved." *Nevijel v. North Coast Life Ins. Co*, 651 F.2d 671, 675 (9th Cir. 1981).

The AFSCME Defendants further move to dismiss Count Eleven (First Amendment claim, which was raised for the first time in Plaintiff's Fourth Amended Complaint), Count Twelve (under the State Officials and Employee Ethics Act, raised for the first time in the Corrected Fourth Amended Complaint), and Count Fourteen (for breach of the duty of fair representation, raised for the first time in the Third Amended Complaint). In her response brief, Plaintiff voluntarily withdraws Counts Eleven and Twelve, and those claims are dismissed.

With regard to Count Fourteen, the AFSCME Defendants first argue that public employees of a state or of political subdivisions of a state are not governed by federal duty of fair representation law. However, I understand the claim to be made under Illinois law, as I indicated in my November 2008 order. *See* 5 ILCS 315/10(b)(1)(ii) (in order to show a breach of the duty of fair representation, an Illinois public employee must establish that a union's actions involved "intentional misconduct in representing employees"). The AFSCME Defendants further argue that under Illinois law, (1) a union's breach of its duty of fair representation is an unfair practice within the exclusive jurisdiction of the Illinois Labor Relations Board, citing *Foley v. AFSCME*, 556 N.E. 2d 581, 583 (Ill. App. Ct. 1990); (2) the claim is barred by the six-month statute of limitations, citing *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983); 5 ILCS 315/11(a); and (3) there is no claim for breach of the duty of fair representation against individual union officers or agents, citing *Atkinson v. Sinclair Refining Company*, 370 U.S. 238, 247-48 (1962). Plaintiff makes no response to the AFSCME Defendants' well-founded arguments aimed at Count Fourteen, and I dismiss that count.

In light of these observations, I must conclude that Plaintiff's complaint, in its current form, remains unanswerable. However, as I acknowledged in my November 2008 ruling and as is apparent on the face of the complaint as a whole, Plaintiff has alleged viable claims of discrimination, retaliation, and intentional infliction of emotional distress. I also consider Plaintiff's pro se status as well as the obvious effort she has made thus far in the case - appearing invariably at hearings and making regular appointments with the pro se assistance program offered in this district. Therefore, I am appointing Plaintiff counsel and granting her leave, with the aid of her appointed counsel, to file a final Fifth Amended Complaint that will address the problems referred to by this order and by Defendants' latest round of motions. Counts Eleven, Twelve, and Fourteen, however, are dismissed.

ENTER:

*James B. Zagel*
James B. Zagel
United States District Judge

DATE: September 2, 2009